MEMORANDUM **
Gerald Maize appeals from his consecutive sentences of 120 months imprisonment for two counts of assault, and 24 months imprisonment for violation of the terms of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
*545 Maize first contends that the district court erred by applying a six-level enhancement when the court found that the injury to the victim was life-threatening, pursuant to U.S.S.G § 2A2.2(b)(3), instead of the five levels that would have been assessed if the court found that the victim suffered only from serious bodily injury. Factual findings by the district court in support of sentencing guideline enhancements are reviewed for clear error. United States v. Kimbrew, 406 F.3d 1149, 1151 (9th Cir.2005).
Here, the district court considered the physician’s expert testimony at trial stating that the injury involved a substantial risk of death, and that loss of life was prevented only by prompt medical treatment, as well as the victim’s blood-soaked clothing. There was no contrary evidence presented by Maize at trial, and he cites none in his appeal. The facts presented are a sufficient basis for an imposition of a six-level enhancement. We find there was no clear error and affirm.
Maize’s second claim concerns the reasonableness of his sentence, for both his assault convictions and for his revocation of supervised release. At each sentencing, the district court discussed all of the 18 U.S.C. § 3553(a) factors as they applied to Maize’s sentence. We find that defendant’s contentions are without merit. See United States v. Carty, 520 F.3d 984, 994-95 (9th Cir.2008) (en banc).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.